

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

*Overruled by M-1121 where conflict*

November 22, 1971

Dr. George J. Beto
Director
Department of Corrections
Huntsville, Texas

Opinion No. M-999

Re: Purchase of airplane by
    the Department of Cor-
    rections.

Dear Dr. Beto:

Your request for an opinion reads as follows:

"Some two months ago the Department of Cor-
rections lost its plane. The Board of Corrections
authorized its immediate replacement under the au-
thority found in Senate Bill 11, Page III-48, Para-
graph 22, and Section 18 of Article V, Acts of the
62nd Legislature, Regular Session, 1971. The Board
had previously purchased an airplane under identical
language found in prior appropriation bills.

"We would point out that this plane is used for
the return of prisoners from other states to the De-
partment of Corrections. Under the law, the Depart-
ment of Corrections is required to return parolees and
prisoners to this State in the event they owe Texas
time. Our log reveals that 75% of the plane's usage
is involved in the return of prisoners; 25% of the
time is spent in travel for departmental executives.

"The above-mentioned plane was purchased in ac-
cordance with the law and when the claim was pre-
sented to the Comptroller of Public Accounts for ap-
proval and payment, he refused to pay the same. It

-4874-

is our position that Section 22 of Article III and
Section 18 of Article V of S.B. 11, appropriations for
the Department of Corrections, Clearly authorizes
our department to purchase this plane.  Not only do
we believe this expenditure is legal but the owner-
ship of a plane by the Department of Corrections
effects a great savings of the taxpayers money of
this State.

"Does the Texas Department of Corrections,
under the legislation referred to above, have the
authority to purchase and pay for an airplane?"

Subdivison (a) of Section 18 of Article V of Senate Bill 11,
Acts 62nd Legislature, R.S. 1971, as amended by Senate Bill 7,
Acts 62nd Legislature, 1st C.S. 1971, provides:

"None of the moneys appropriated in this Act
may be expended for the purchase, maintenance or
operation of a passenger car or of airplanes de-
signed for passenger transportation unless authority
to do so is stated by the language of this Act.
Where such authority is stated, the purchase of
an airplane, or the repair of an airplane, the cost
of which is in excess of five thousand dollars
($5,000), in any one fiscal year shall have the
prior written approval of the Governor, and notice
of such approval shall be filed with the Legislative
Budget Board."   (At p. V-43)

Item 22 of the appropriation to the Department of Corrections
contained in the above cited General Appropriation Act provides:

"For the Years Ending

| | August 31, 1972 | August 31, 1973 |
|---|---|---|

"22.   Consumable supplies and
materials; current and re-
curring operating expense,
including rewards; inquests;
uniforms; medical expense of
employees injured in line of
duty; reimbursement of re-
volving funds; maintenance and
operation of one airplane;
capital outlay, including pass-
enger cars; and contingencies

$7,755,340"  (At p.III-48)

Section 18 of Article V of the current General Appropriation
Act above quoted is substantially identical, insofar as the same
relates to your question, as Sections 20 and 21 of Article V of
House Bill 12, Acts 59th Leg., R.S. 1965.  Likewise Item 22
above quoted is substantially identical to Item 12 of the appropria-
tion to the Parks and Wildlife Department contained in the 1965
Appropriation Act.  In construing the provisions of the 1965
Appropriation Act above cited, it was held in Attorney General's
Opinion C-559 (1965):

". .. Funds may be expended from paragraph
12, Article III-108, House Bill No. 12, Acts 59th
Legislature, 1965, for the purchase, maintenance
and operation of the airplane."

The language construed in Attorney General's Opinion C-559
(1965) is substantially identical to the language contained in
the current General Appropriation Act applicable to the Depart-
ment of Corrections.  Our opinion is that under the facts
submitted the Department of Corrections has the authority to
purchase and pay for an airplane.  The approval of the Governor
is required if the purchase price is in excess of  $5,000.00.

## S U M M A R Y

Funds may be expended from Item 22 of the appropriation to the Department of Corrections contained in the current General Appropriation Act for the purchase, maintenance and operation of an airplane by the Department of Corrections; provided that if the purchase price is in excess of $5,000.00 the written approval of the Governor is required.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
J. C. Davis
James McCoy
Marietta Payne
Jack Goodman

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant